IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:08cv426-MEF |
| | ) | (WO) |
| JEFFERY KELLER, | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Respondent has filed an answer (Doc. No. 10) addressing the claims presented in the instant 28 U.S.C. § 2241 habeas corpus petition. In this answer, Respondent contends that the petition for habeas corpus relief is due to be denied because Petitioner is entitled to no relief on the claims presented therein. Specifically, Respondent argues (a) that Petitioner has not exhausted his administrative remedies regarding the issues raised in his petition; (b) that (b) the Ninth Circuit Court of Appeals decision relied upon by Petitioner as a basis for relief is not controlling in Eleventh Circuit; and (c) that the BOP's authority to promulgate and administer regulations regarding early release criteria under RDAP are entirely discretionary.

Upon review of the petition and supporting evidentiary material filed in this case, it appears that Petitioner has not yet exhausted his available administrative remedies with respect to the claims presented in his petition for habeas corpus relief. This court does not

deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust his administrative remedies.

Accordingly, it is

**ORDERED that on or before August 5, 2008,** Petitioner shall file a reply to Respondent's answer. In his reply, Petitioner shall specifically show cause why his petition should not be dismissed for his failure to exhaust his administrative remedies and for the other reasons stated by Respondent. Any documents or evidence filed after August 5, 2008, will not be considered by the court except in exceptional circumstances. At any time after the deadline for filing a reply expires, the court will determine whether an evidentiary hearing is necessary. If it appears that an evidentiary hearing is not required, the court will dispose of the petition as justice requires. *Cf.* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.*

Petitioner is instructed that when replying to Respondent's answer, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondent's answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *Cf.* Rule 7, *Rules Governing Section 2254*

2

*Cases in the United States District Courts*.

Done this 14th day of July, 2008.

                                          /s/Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE